# CASES

IN THE

# SUPREME COURT

OF

## PENNSYLVANIA.

### Lancaster District, May Term, 1814.

ILGENFRITZ *against* DOUGLASS.

IN ERROR.

*If a defendant appeals from an award in the Common Pleas for less than a hundred dollars, and the same or a greater sum is recovered on the appeal, he is liable for the costs of the appeal; but not for any costs before the appeal.*

THIS action was commenced in the Common Pleas of *Dauphin* county after the one hundred dollar law, by which a party recovering less than a hundred dollars in the Common Pleas, is not entitled to costs, except in certain cases.

The cause was referred to arbitration by the defendant in *December* 1809, and in *March* following the arbitrators awarded to the plaintiff 80 dollars, without costs of suit. On the same day the defendant appealed, and entered into a recognizance, according to the 13th section of the arbitration law of 29th *March* 1809. The cause was tried in *September* 1811, and a verdict found in the plaintiff's favour for 86 dollars 70 cents, with six cents damages and six cents costs.

The Court below were of opinion that the 13th section of the act of 29th *March* 1809, did not apply to a defendant in a suit commenced in the Common Pleas, but cognizable before a justice of the peace; and therefore directed the judgment to be entered without any costs.

The only point submitted in this Court, was whether the defendant was not liable to the costs of the appeal.

*Hopkins* for the plaintiff in error.

*Elder* for the defendant in error.

PER CURIAM. The defendant below was subject to the payment of all costs subsequent to the appeal; but not of any costs prior to the appeal.

1814.

ILGENFRITZ
v.
DOUGLASS.

Judgment reversed.

---

## The Commonwealth *against* IMMELL.

*Lancaster,
Saturday,
May 21.*

THE defendant in this cause was convicted at the last Oyer and Terminer for *Dauphin*, of fornication and bastardy, and judgment was given. He afterwards applied to Judge *Yeates* for his *allocatur* to a writ of error, upon the ground that the jury had been drawn by the sheriff and *one* county commissioner, instead of at least *two*, in conformity with the act of assembly and the precept. His honour refused to allow the writ; and the same motion was now made to this Court, by

*This court will not grant an allocatur for a writ of error in a criminal case, except where it has reason to think there has been an error affecting the merits of the particular case, or having an important bearing upon other cases.*

*Godwin* and *Hopkins* for the defendant.

*Duncan* contra.

TILGHMAN C. J. Taking it for granted that the jury was not properly drawn, the question will be, whether this Court ought to allow a writ of error for the purpose of reversing the judgment. By the act " to establish the judicial courts " of this Commonwealth, in conformity to the alterations " and amendments in the constitution," (13th *April* 1791) *sect.* 7. it is enacted that no writ of error shall issue, "unless " the same shall be specially allowed by the Supreme Court, " or one of the justices thereof, upon sufficient cause to it " or him shewn, or shall have been sued out with the con- " sent of the attorney general, which special allowance or " consent shall be in writing and certified on the said writ." In considering the sufficiency of the cause shewn, the court must be governed by some fixed principle according with the intent of the act of assembly, and conducive to the public good. I have always supposed that it was not sufficient to shew a trifling error in form, but that the court or judge should be satisfied that there was reason to think there had been an error either affecting the merits of the case, or of a